**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANITA ARANDA and GINA BROCK,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>RENOWN SOUTH MEADOWS<br>MEDICAL CENTER,<br><br>    Defendant - Appellee. | No. 11-16894<br><br>D.C. No. 3:09-cv-00660-RCJ-RAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted April 18, 2013
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[**] District
Judge.

    Plaintiffs, Anita Aranda and Gina Brock, appeal from the district court's

order granting summary judgment on their claims of national origin discrimination

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against Renown South Meadows Medical Center (Renown). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003), and affirm.

Even if plaintiffs established a prima facie case of employment discrimination under the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973), they failed to show that Renown's proffered "legitimate, nondiscriminatory reason" for terminating them—sleeping on duty—was a "pretext for unlawful discrimination." *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002). Plaintiffs aver that their direct supervisor expressed anti-Filipino animus. But the record shows that the director of human resources (who expressed no such bias) left the supervisor with virtually no choice but to terminate plaintiffs because of several reports of them sleeping on duty in violation of Renown's policy.

Plaintiffs cannot establish a prima facie case of retaliation based on Brock's request to speak to Renown's hospital administrator after plaintiffs' supervisor accused them of sleeping on duty. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–97 (9th Cir. 2003) (to make out prima facie case of retaliation, plaintiffs must show that: (1) they engaged in protected activity; (2)

2

defendant subjected them to adverse employment action; and (3) causal link exists between protected activity and adverse action). Brock's request was not a "protected activity" because she did not oppose an unlawful practice. *See id.* at 1197 (protected activities include filing charge or complaint, providing testimony regarding employer's alleged unlawful practices, and engaging in activity intended to oppose employer's discriminatory practices). Further, Aranda presents no evidence of a relationship between Brock's request to speak to the hospital administrator and Aranda's complaint to the hospital administrator six months earlier.

Summary judgment was properly granted.

**AFFIRMED.**

*Aranda v. Renown Medical Center*, 11-16894

TUNHEIM, District Judge, concurring in part and dissenting in part.

I join the the majority's conclusion that the district court properly granted summary judgment on plaintiffs' retaliation claim, but I respectfully dissent from the conclusion that plaintiffs' national origin discrimination claim fails.

Although the director of human resources instructed the supervisor to terminate plaintiffs, the immediate impetus for the director's instruction was an email from the supervisor describing plaintiffs' conduct and noting that it amounted to "a termination offence." And about one hour prior to sending the email that led to plaintiffs' termination, the supervisor had allegedly said that he "hate[d] F'ing . . . Filipinos" and was "sick and tired of Filipinos."[1]

---

[1] As Renown notes, plaintiffs have relied only on the *McDonnell Douglas* framework throughout this action to establish their claim for national origin discrimination. Given the overtly discriminatory comments allegedly made by the supervisor, plaintiffs may have been able to establish a prima facie case without relying on *McDonnell Douglas* had they attempted to do so. *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("[I]f a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case. The *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination." (citation and internal quotation marks omitted)); *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009) ("A plaintiff may establish a prima facie case either by meeting the four-part test laid out in [*McDonnell Douglas*] or by providing direct evidence suggesting that the employment decision was based on an impermissible criterion."). The supervisor's statements may have been sufficient for plaintiffs to survive summary judgment regardless of whether plaintiffs can establish the *McDonnell Douglas* prima facie test and despite Renown's proffered non-discriminatory justification for firing plaintiffs. *See Boeing Co.*, 577 F.3d at 1049 ("When the evidence is

In my view, a reasonable factfinder could find that the supervisor "influenced or participated in the decisionmaking process" by sending the email, and viewing the facts in the light most favorable to plaintiffs, a reasonable factfinder could find that the supervisor's "animus affected the employment decision." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1039-40 (9th Cir. 2005); *see also Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir. 2007) ("[I]f a subordinate . . . sets in motion a proceeding by an independent decisionmaker that leads to an adverse employment action, the subordinate's bias is imputed to the employer if the plaintiff can prove that . . . the biased subordinate influenced or was involved in the decision or decisionmaking process."). Therefore, I believe there is a sufficient connection between the discriminatory remarks and plaintiffs' termination for a reasonable factfinder to determine that unlawful discrimination occurred. *See* 42 U.S.C. § 2000e-2(m) ("[A]n unlawful employment practice is established when the complaining party demonstrates that . . . national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.").

Accordingly, I would reverse and remand on plaintiffs' national origin discrimination claim.

---

direct, we require very little evidence to survive summary judgment." (alteration and internal quotation marks omitted)).